## MULOCK *vs.* MULOCK.

1. The rule that, where the answer fully denies the equity of the bill, the injunction will be dissolved, is not inflexible. The dissolution of the injunction rests in the discretion of the court. In this case, under allegations of gross fraud, and of abuse by a son of confidential relations exist-

Mulock *v.* Mulock.

ing, according to his own admission, between himself and an aged mother, in procuring conveyances of property from her to himself, with circumstances of suspicious character, the injunction was retained till the hearing.

2. The affidavit of a third party, annexed to an answer, cannot be read upon a motion to dissolve an injunction upon the answer, where the complainant's affidavit alone is annexed to the bill..

Motion to dissolve injunction.

*Mr. John Whitehead,* for the motion.

*Mr. Oscar Keen,* contra.

THE CHANCELLOR.

The *gravamen* of the bill is fraud. The parties are mother and son. The bill states that the defendant lived with and was the confidential agent of his mother in the management of her real and personal property; that, as such, he attended to the preparation of all papers to be executed by her in the management of her estate, and had the entire management of her property; that he has failed to account for a large sum of money collected by him for her as her agent, and that she has recently discovered that two deeds of conveyance, purporting to have been executed by her, and to convey to him four valuable improved lots of land in Newark, belonging to her, are on record. She alleges that she never executed those deeds with the intention of doing so, and that she never knowingly executed them at all, and that if she signed them, her signature was obtained by the defendant by fraud; and, further, that, if she executed them at all, it must have been on the supposition that they were releases or assignments, or something of that sort, proper to be executed in the course of the management of her property. She is a widow, and is over eighty years old. The defendant is about thirty-six years of age. He, by his answer and affidavit annexed thereto, alleges that the deeds in question were not procured by any fraud, but were the voluntary and unsolicited act of his mother, who intended, by means of those conveyances, to-

advance him, in accordance with her promise to his father on his death-bed, to the extent of the property thereby conveyed, beyond the other children, his three sisters, in their participation in their father's estate; all of which his mother held under his father's will, and which, with its accumulations, constituted all of her property. He admits that he was her confidential agent, and, as such, has been in the habit of collecting her rents, paying her bills, attending to the sale of her property, and the investment of her money, and to the preparation of papers to be signed by her, such as deeds, bonds, releases, assignments, checks, and all other instruments required to be executed or signed by her in the management of her property, and that he has, to a certain extent, had the management of her estate. It appears that he lived with her in the city of New York up to the month of August last, when he left her and came to Newark to live. One of the deeds is said to have been executed in October, 1871, and the other in March, 1872. It is said that both of them were left for record by a man by the name of Riker, living in Newark, who then and subsequently, as the defendant alleges, acted as the complainant's agent for her Newark property. They were not delivered to the defendant until after the bill in this cause was filed, when he obtained them from Riker. The complainant received the rent for the property up to the time when the defendant left her house. The defendant admits that her receipt of the rent was not by virtue or in pursuance of any agreement or arrangement between her and him on the subject. He was supported by her while he lived with her. Riker's affidavit is annexed to the answer, but under the rule it cannot be read on this motion. *Gariss* v. *Gariss*, 2 *Beas.* 320. Notwithstanding the answer may be regarded as denying all the equity of the bill, there are considerations which lead me to refuse this motion. The complainant alleges gross fraud. The confidential relation between the parties is admitted. Notwithstanding the alleged deeds, the complainant has had possession of the property, and dealt with it as her own, up to the time the defendant

left her house. He never had possession even of the deeds until after the commencement of this suit. He gave no consideration for the conveyances as he admits. Considering all the circumstances, the case appears to be one in which the injunction should be retained until the hearing.